IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50733
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN LEON ROBINETTE,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CA-138
USDC No. W-88-CR-130-1
- - - - - - - - - -
April 12, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges

PER CURIAM:[*]

John Leon Robinette was convicted of, *inter alia*, operating
a continuing criminal enterprise (CCE), in violation of 21 U.S.C.
§ 848(a). See United States v. Devine, 934 F.2d 1325 (5th Cir.
1991). He appeals the district court's denial of relief pursuant
to 28 U.S.C. § 2255 on his claim that his sentence on the CCE
conviction should have been determined by the Sentencing
Guidelines, and counsel was ineffective at sentencing for not
objecting to the use of pre-guidelines law to arrive at a life
sentence for the CCE conviction.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The issue underlying Robinette's ineffective-assistance-of-counsel claim, i.e., whether the CCE fell under the guidelines for purposes of sentencing, was decided by this court on appeal of the denial of Robinette's Fed. R. Crim. P. 35 motion, in which he made the same argument he makes now. This court concluded that there was no basis for the district court to sentence Robinette under the Sentencing Guidelines as he was already in custody and incapable of further offense conduct when the guidelines took effect. United States v. Robinette, No. 95-50290 (5th Cir. Nov. 15, 1995)(unpublished). Robinette does not challenge this factual finding. It is therefore the law of this case. See Free v. Abbott Lab., Inc., 164 F.3d 270, 272 (5th Cir. 1999).

Because this court has determined that the guidelines were inapplicable to Robinette's CCE conviction, counsel's failure to raise this issue at sentencing did not constitute deficient performance and did not prejudice Robinette. See Smith v. Puckett, 907 F.2d 581, 585 n.6 (5th Cir. 1990). The denial of § 2255 relief on this claim is therefore AFFIRMED.